UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MILLER, JR., et al., | ) | CASE NO.: 5:06CV769 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| THE CITY OF CANTON, et al., | ) | (Resolving Docs. #18, 21, and 23) |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on motion by Attorney Avery Friedman, representing Plaintiffs John Miller, Jr. and Canton Police Patrolman's Association, for leave to file second amended complaint. (Doc. #18) Defendants filed an opposition to the motion.

On October 30, 2006, Attorney Mary Lou Sekula filed a "Motion to Substitute Counsel *Nunc Pro Tunc*" requesting that she be substituted as counsel for Plaintiff Steve Fowler and to "submit Plaintiff's Second Amended Complaint *nunc pro tunc* as of October 20, 2006." (Doc. #21) This document, in essence, is requesting that Plaintiff Fowler be permitted to join in motion to file the second amended complaint *instanter*. Defendants have also filed an opposition to this motion. Defendants also filed a motion to strike Plaintiff Fowler's motion to file a second amended complaint. (Doc. #23)

**Procedural History**

On July 25, 2006, this Court held a case management conference in the above matter.[1] At that time, Attorney Larry Pollak represented all Plaintiffs and had done so

---

[1] This conference was performed on the record with a court reporter.

since filing the initial complaint. The Court asked Plaintiffs' counsel to provide a detailed discussion of the claims contained in the complaint. Attorney Pollak provided a brief discussion of the facts surrounding Plaintiffs' § 1983 claim, including allegations that agent employees of the City were involved in the deprivation of equal protection under the law, including the Safety Director, the Chief of Police, and members of the Internal Affairs Department. The Court specifically asked counsel if he intended on naming anyone other than the City in his § 1983 claim. Attorney Pollak stated that he believed, based on the case law, because the individuals were acting in their official capacity, the claim was properly against the City of Canton and not the parties individually. The parties were directed to recent Supreme Court case law which dealt with a First Amendment claim similar to the one raised in this action and told to amend, if applicable, any claims accordingly.

The Court also stated that it believed there were some substantial deficiencies in the complaint and how the claims were set forth therein. Counsel was given 14 days to amend the complaint including changes the Court found were necessary for clarity. The Court warned counsel that failure to comply with the directives given may result in sanctions, including dismissal of the complaint.

Defendants were ordered to answer the amended complaint when filed. They were directed not to file a general denial but specifically reference each defense to each specific claim made in the complaint. Defendants were also told that if this order was not complied with that the Court would consider sanctions, including possibly striking the specific defense or other sanctions.

The Case Management Conference Order, issued by this Court, set the following deadlines: discovery due by January 5, 2007; initial disclosures by July 25, 2006; parties to be joined and pleadings amended by September 1, 2006; amended complaint to be filed by August 8, 2006; answer to amended complaint to be filed by August 22, 2006; and dispositive motions by 1/31/07. A status conference was set for October 17, 2006. It is noted that an amended complaint and answer were filed timely.

The morning of the October status conference, Attorney Friedman filed a notice of substitution of counsel, requesting removal of Attorney Pollak from representing Plaintiffs Miller and the Canton Police Patrolman's Association, Inc. and adding Attorney Friedman as their legal representative. During the conference, Attorney Pollak appeared for Plaintiff Fowler although Plaintiff Fowler represented that he would be looking for alternate counsel. At that time, Attorney Pollak did not request to be removed from his representation and Plaintiff Fowler did not object to Attorney Pollak speaking on his behalf.

At the status conference, Attorney Friedman made an oral motion to file a second amended complaint to add a claim under the Civil Rights Act of 1870, 42 U.S.C. § 1981. The Court stated that it would give Attorney Friedman the opportunity to file a written motion requesting leave and setting forth the basis of the proposed amendment and why this amendment was not made at an earlier date and time.

On October 20, 2006, Attorney Friedman filed his "Motion for Leave to File Second Amended Complaint." (Doc. #18) The motion stated that the purpose for filing the motion was because "several oversights were observed that warrant modification of the prayer so there is greater clarity to the pleading."

3

**Applicable Law**

Plaintiffs' motions demonstrates the interrelationship between Fed. R. Civ. P. 15(a), which governs the amendment of pleadings, and Fed. R. Civ. P. 16(b)(1).  Under Rule 16(b)(1), district courts are required to issue a scheduling order that limits the time "to join other parties and to amend the pleadings."  As stated above, the deadline for joinder of parties and amendment of pleadings in the above-entitled action was August 8, 2006, with the answer to be filed no later than August 22, 2006.  This deadline was set in compliance with Local Rule.

According to Rule 15(b), where the Court has entered a scheduling order that limits the time to amend the pleadings, the schedule "shall not be modified except upon a showing of good cause."   When evaluating good cause, "the party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines.  *United States v. Ohio Edison Co.,* No. C2-99-1181, 2003 U.S. Dist. LEXIS 25030, *5 (S.D. Ohio Jan. 6, 2003) (quoting *Deghand v. Wal-Mart Stores,* 904 F.Supp. 1218, 1221 (D.Kan. 1995)); *Inge v. Rock Finanical Corp.*, 281 F.3d 613, 625 (6thCir. 2002) (looking to the party's "diligence in attempting to meet the case management order's requirements.").  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Dilmar Oil,* 986 F.Supp. at 980 (quoting *Jordan v. E.I. du Pont de Nemours,* 867 F.Supp. 1238, 1250 (D.S.C. 1994)(citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992)).

Despite a court's broad discretion to modify its pretrial orders, considerations such as maintaining the integrity of court proceedings and ensuring cases become trial

4

ready in an efficient, just, and certain manner dictate adherence to reasonable deadlines. *Ohio Edison,* 2003 U.S. Dist. LEXIS 25030, at *4-5. Even though prejudice to the party opposing the modification is not an express component of Rule 16, the Sixth Circuit has stated that a district court must consider prejudice to the non-moving party when it decides whether or not to amend a scheduling order. *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003). However, demonstrating an "absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ohio Edison,* 2003 U.S. Dist. LEXIS 25030, *5 (citing *Tschantz v. McCann,* 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Likewise, mere carelessness provides no justification for relief. *Id.* (citing *Dilmar Oil, Co., Inc. v. Federated Mut. Ins. Co.,* 986 F.Supp. 959, 980 (D.S.C. 1997)).

If the Court determines that the movant satisfies the requirements of Rule 16(a), then the Court must determine whether the moving party has satisfied the requirements of Rule 15. *Id.* At this stage of the proceedings, Rule 15 asks the question whether leave should be freely given because justice so requires.

## Discussion

Although Attorney Friedman specifically requested that he be allowed to file an amended complaint setting forth a § 1981 claim, the proposed second amended complaint contains much more. It contains the § 1981 claim, requests inclusion of Fourteenth Amendment claims, names the individual defendants in both their official and individual capacity, provides additional facts in support of the claims, and amends the prayer for relief. It is also noted that in the original motion, Attorney Friedman requested that Plaintiff Fowler be permitted to be joined in the motion. This request was later made in formal motion by Plaintiff Fowler's new attorney, Mary Lou Sekula.

5

A. Plaintiff Fowler's request to join in the motion

Attorney Sekula filed on October 30, 2006, a "Motion to Substitute Counsel *nunc pro tunc*" requesting that "Plaintiff Steve Fowler's Motion Substitute Counsel and to submit Plaintiff's Second Amended Complaint *nunc pro tunc* as of October 20, 2006." Because no proposed amended complaint was attached to the document and because the memorandum states that Plaintiff Fowler "has no changes to the Second Amended Complaint at this time," it is assumed that Plaintiff Fowler is attempting to join in the motion made by Plaintiffs Miller and Canton Police Patrolman's Association on October 20, 2006.  Although Plaintiff Fowler has failed to ask for leave to amend the complaint, the Court will allow him to join in the request for leave made by the other Plaintiffs. However, as will be discussed below, the Court refuses to accept the second amended complaint to be filed as written.  Therefore, the motion is GRANTED IN PART and DENIED IN PART.  (Doc. 21).

B. Section 1981 claims

Plaintiffs have asserted an Equal Rights claim under § 1981 in the second amended complaint claiming violations based on racial discrimination and retaliation.  At the status, Defendants opposed the oral motion.  They stated that the case had been pending for six months and were only three months from the discovery cut-off. Defendants did, however, admit that it might not change the complexion of the case but stated that they sent out their initial discovery requests based on the claims set forth in the first amended complaint.

This Court finds that even though § 1981 was not specifically addressed in the first amended complaint, the issue of an Equal Protections claim was discussed at the

6

case management conference in July. As such, Defendants were put on notice of its existence. Additionally, as Defendants stated at the conference, it is unlikely that the addition of this claim will change the complexion of their case. Although it is questionable whether due diligence was exercised in meeting the scheduled deadline, the Court finds Defendants will not suffer prejudice in allowing this claim to be asserted and the addition will not interfere with the case becoming trial ready in an efficient, just and certain manner. Therefore, the Court will permit Plaintiff to assert this claim in a second amended complaint.

### C. Addition of Fourteenth Amendment language

The proposed second amended complaint contains language that was left out in the first amended complaint regarding the Fourteenth Amendment. Plaintiffs state in the memorandum that "Although the original and first amended complaint references § 1983, that statute is not a cause of action but simply the mechanism to assert, *inter alia*, due process or equal protection claims. Thus, the claims asserted by the parties arise under the Fourteenth Amendment and are asserted through the statute." Defendants have not set forth an argument specifically addressing this proposed change. The Court finds that the omission was a result of oversight and will not prejudice the Defendants. Additionally the inclusion will neither impede the integrity of the court proceedings nor prevent the case from becoming trial ready in an efficient manner. Therefore, the Court finds that good cause exists to permit leave to amend the complaint to include this language.

### D. Naming individual Defendants in both their official and individual capacity

7

The most significant change requested by Plaintiffs is the naming of individual Defendants in both their official and individual capacity.  Plaintiffs are requesting to hold these Defendants personally liable, joint and severally, for damages alleged by Plaintiffs, including claims for punitive damages.  Defendants claim that they will be prejudiced if this amendment is allowed because they have not been served, are permitted time to answer the complaint and find attorneys, all while the clock is ticking on discovery.  Defendants also claim that this is a result of undue delay as the case has been pending for six months.  Plaintiffs have offered no justification for requesting this amendment.

Upon review, this Court agrees with Defendants.  To allow such an amendment would place the individual Defendants at a significant disadvantage and cause them prejudice.  It would not be possible, in all fairness, to ensure that the case be tried in an efficient and just manner in the time frame previously designated.  Additionally, the previous attorney clearly did not believe the claims were appropriate to name the specific Defendants in their individual capacity and Defendants relied on this representation for the past six months the case has been pending and in the preparation of their case and discovery.  The Court finds the Plaintiffs lack good cause to allow this amendment and will not permit Plaintiffs to file an amended complaint naming the specific Defendants in their individual capacity.

This decision also has an affect on Plaintiffs' prayer for relief.  Because the Court finds such an amendment is not proper at this time, Plaintiffs are to remove it from the proposed second amended complaint and adjust their prayer accordingly.

E. <u>Providing additional facts in support of the claims</u>

8

Plaintiff includes, in the proposed second amended complaint, additional facts not alleged in the previous complaints. Defendant points out that these paragraphs are ¶¶ 13, 14, 17, 18, 25, 26, 30, 31, 32, 33, 36, 37, 47, 48, 49, 52, 53, 63, and 64. Upon review the Court finds that most are providing supporting facts, as originally requested at the case management conference. Additionally, with regard to any facts alleging a historical pattern and practice, the Court finds that Defendants were on notice that Plaintiffs were making a pattern and practice claim against the City and therefore will suffer no prejudice in their inclusion. It is also noted that Defendants have not taken the depositions of Plaintiffs and therefore still have the ability to question them on these additional facts. As such, the Court finds that the addition of these paragraphs will not impinge on the integrity of court proceedings or prevent the case from coming to trial in an efficient, just and certain manner. Therefore, Plaintiffs are found to have demonstrated good cause for the inclusion of these paragraphs. It is, however, noted that any paragraphs that allege facts sufficient to support a claim for punitive damages when none can be awarded are to be removed from the proposed second amended complaint.

F. Prayer for Relief

This section of the proposed second amended complaint is to be adjusted according the above directives.

**Conclusion**

It is first determined that Plaintiff Fowler's motion is GRANTED IN PART and DENIED IN PART. The Court finds that Attorney Sekula's motion to be substituted as counsel for Plaintiff Fowler is well-taken. Additionally, the Court will permit Plaintiff Fowler leave to join in Plaintiffs Miller and Canton Police Patrolman's Association's

9

motion. In regards to the motion to file a second amended complaint, it is determined that Plaintiffs are permitted to add the § 1981 claim, add the Fourteenth Amendment language as requested, and provide additional supporting facts. However, Plaintiffs are denied leave to amend the complaint to add the specifically named Defendants in their individual capacities. Finally, Plaintiffs must adjust their prayer for relief consistent with this Order. Therefore, Plaintiffs motion for leave to file a second amended complaint is GRANTED IN PART and DENIED IN PART. Plaintiffs are to file an amended complaint complying with the above directives within seven days. Defendants are given seven days thereafter to file an answer to that complaint. Defendants' motion to strike Plaintiff Fowler's motion to file a second amended complaint is DENIED.

So ordered.

_____*s/ Judge John R. Adams*_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT