ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MILLER, JR., et al., | ) | CASE NO.   5:06CV769 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THE CITY OF CANTON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Motion for Attorney Fees. The Court has been advised, having reviewed the motion, the opposition, and Defendants' exhibits. For the reasons that follow, the motion is DENIED.

On October 9, 2007, Magistrate Judge Patricia A. Hemann recommended that this Court grant Defendants' motion for summary judgment and dismiss the claims raised by Plaintiff, Steve Fowler. On January 9, 2008, this Court adopted the Magistrate Judge's recommendation and dismissed the claims raised by Fowler. Defendants, the City of Canton, Bernard Hunt, Dean McKimm, Ronald Shank, and Gregory Boudreaux, filed a motion requesting the award of attorney fees on January 30, 2008. Fowler responded in opposition to the motion February 8, 2008. The matter is now ripe for consideration by this Court.

**I.    Legal Standard**

Title VII gives this Court the authority to award reasonable attorney fees to a prevailing defendant-employer in a discrimination suit brought under Title VII. 42 U.S.C. § 2000e-5(k);

*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 310 (6th Cir. 2003). However, the standard for awarding fees to a prevailing employer is more stringent than that for awarding fees to a prevailing employee.  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417-18 (1978).  An employer may be awarded fees only where the plaintiff's claim is found to be "frivolous, unreasonable, or without foundation," or where the plaintiff continued to litigate after it became clear that his claim was frivolous, unreasonable, or without foundation.  *Id.*  This Court is also mindful that it should not conclude that a claim was groundless just because it was ultimately unsuccessful.  *Id.* at 421-22.

When awarding fees to a defendant employer, the Court should consider the following factors: (1) whether plaintiff presented evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the matter proceeded to trial or was determined through motion practice.  *Balmer v. HCA, Inc.,* 423 F.3d 606, 616 (citing *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3rd Cir.1997)). Because defendant employers may only recover fees for frivolous claims, *Gutierrez v. Denver Post, Inc.*, 691 F.2d 945, 948 (10th Cir.1982), attorney fees should be awarded only in the most egregious of circumstances.  *See e.g., Gettings*, 349 F.3d at 310 (affirming the award of fees when a plaintiff knew that a claim was barred, but nevertheless sought to litigate the matter).

**II.     Law and Analysis**

This Court notes "that in this circuit attorneys' fees may not be awarded to defendants where the plaintiff has asserted at least one non-frivolous claim."  *Balmer*, 423 F.3d at 617.  As such, this Court's agreement with Defendants that Fowler's retaliation claim was frivolous does

not mandate an award of fees.[1]  Rather, this Court must determine whether any one of Fowler's remaining claims was nonfrivolous.

Fowler raised disparate treatment claims with respect to two different incidents.  With respect to the incident surrounding the unauthorized use of the LEADS system, this Court finds that the claim was not frivolous.  In support of his claim, Fowler argued that two similarly-situated officers were treated differently when accused of being dishonest.  One, Officer Jim Meyers, was found to have lied about slapping a youth that was in custody.  This Court found that Meyers was not similarly situated because his dishonesty was not as extensive as the dishonesty demonstrated by Fowler.  Fowler also asserted that he was similarly situated to Defendant Chief of Police Dean McKimm.  Again, however, this Court found that McKimm's dishonesty was substantively different than the allegations levied against Fowler.  Consequently, this Court determined that Fowler had not met his burden of demonstrating a prima facie case of discrimination.

This Court finds the rationale in *Balmer* to be instructive in this matter.  In *Balmer,* the plaintiff brought forward claims of gender based wage discrimination, gender based failure to promote, retaliation, and sexual harassment.  The district court found that the plaintiff's claims of failure to promote and sexual harassment were frivolous, but did not find the remaining claims frivolous.  Similar to Fowler, the plaintiff in *Balmer* failed to meet her burden to demonstrate a prima facie case in her claim for retaliation.  Despite this fact, the *Balmer* Court did not find such a claim to be frivolous.  This conclusion was made despite the fact the plaintiff in *Balmer* was

---

[1] The law in this District was clear at the time of the filing of the complaint that a claim for retaliation could not be made based upon an indictment properly returned by a grand jury.  *See Baker v. Olmstead Falls*, 73 Fed. Appx. 152, 157 (6th Cir. 2003).  Fowler's retaliation claim, therefore, was groundless from its initiation.

4

> a sophisticated plaintiff. She has a law degree and years of experience supervising insurance claims that often result in litigation. As a result she has first-hand knowledge of the time and costs involved with defending against an employment discrimination lawsuit.

*Balmer*, 423 F.3d at 616. In the instant matter, while Fowler's evidence regarding similarly situated individuals was ultimately flawed, the Court cannot say that his claim was frivolous. Fowler put forth evidence of other individuals who had been untruthful and disciplined in a different manner. While these individuals were ultimately found not to be "similarly situated," Fowler's claim simply does not amount to egregious conduct that would warrant the award of attorney fees to Defendants.

### III. Conclusion

Defendants' motion for attorney fees is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| __April 24, 2008__ | __/s/ John R. Adams__ |
| Date | John R. Adams |
| | U.S. District Judge |